

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,665

### Ex parte ADRIAN CHAVEZ, Applicant

## ON APPLICATION FOR WRIT OF HABEAS CORPUS HARRIS COUNTY

Womack, J., filed a concurring opinion in which Hervey, J., joined.

I join the opinion of the Court. I write separately to address a matter that is raised in the Presiding Judge's dissenting opinion.

That opinion, in discussing the various standards of review we apply to false testimony claims, says that "it is possible" that a different standard of review would apply if the testimony at issue were merely "false" (as distinguished from "perjured"). The opinion suggests that the standard of review we would apply might vary with the moral culpability of the witness: "When the testimony is perjured, a non-state actor has knowingly subverted the system, but when the testimony is merely false, the relevant actors may have been merely negligent or have no

culpability at all."[1]

I believe our recent opinion in *Ex parte Ghahremani*[2] definitively answered the question of whether there is a difference, for purposes of a due-process claim, between perjured testimony and false testimony. In that case, the State knowingly presented false testimony regarding the psychological effect that the applicant's crime had had on one of the victims. The victim's parents had testified in a way that was not perjurious, but that created a false impression by omitting important intervening events that occurred between the applicant's crime and the victim's most intensive therapy. We held that, for the purpose of due-process claims, there was no difference between "false" and "perjured" testimony: "It is sufficient if the witness's testimony gives the trier of fact a false impression. These rules are not aimed at preventing the crime of perjury – which is punishable in its own right – but are designed to ensure that the defendant is convicted and sentenced on truthful testimony."[3]

Distinguishing whether the testimony at an applicant's trial was perjured or false does not bear on the question of whether the applicant was convicted and sentenced on truthful testimony. While the facts of *Ghahremani* did not involve the precise sort of case that the Presiding Judge imagines – where the State has unknowingly used false but non-perjurious testimony – I see no

---

[1] *Post*, at 9.

[2] 332 S.W.3d 470 (Tex. Cr. App. 2011).

[3] *Id.*, at 477-78 (quotations and citations omitted). *See also United States v. Boyd,* 55 F.3d 239, 243 (7th Cir. 1995) (Posner, J.) ("The wrong of knowing use by prosecutors of perjured testimony does not require a determination that the witness could have been successfully prosecuted [for perjury]. Successful prosecution would require proof beyond a reasonable doubt not only that the witness's testimony had been false but also that it had been knowingly false (and hence perjury). The wrong of knowing use by prosecutors of perjured testimony is different, and misnamed – it is knowing use of *false* testimony. It is enough that the jury was likely to understand the witness to have said something that was, as the prosecution knew, false. … [This] is implicit in the frequent use of 'false' as a synonym for 'perjured' in cases in which prosecutors are claimed to have knowingly used perjured testimony. E.g., *United States v. Agurs*, 427 U.S. 97, 103 (1976) .…").

reason why the rule we established in *Ghahremani* would apply differently to such facts.

In *Estrada v. State*,[4] the State unknowingly used false testimony, without any accusation of perjury. We granted relief after noting that there was a "fair probability" that the testimony affected the outcome of the appellant's punishment hearing. That standard is easier to meet than the "preponderance of the evidence" standard we applied to the State's unknowing use of perjured testimony in *Ex parte Chabot*.[5] "Fair probability" seems similar to the "reasonable probability" standard that we applied to the State's knowing use of false but non-perjured testimony in *Gharemani*. However, *Estrada* was a death penalty case, and in our holding we cited Supreme Court cases interpreting both the Due Process Clause and the Eighth Amendment. It may be that the Eighth Amendment has a heightened truth requirement for evidence presented at the punishment phase of a death penalty case.

As the Presiding Judge's otherwise excellent discourse on the standards of review in false testimony cases makes clear, the only way the distinction between false and perjured testimony could be relevant in a non-death-penalty case would be where (1) the State unknowingly presented false, but not perjured, testimony, and (2) the applicant can prove, by a preponderance of the evidence, that, but for the false-but-not-perjured testimony, the result of his trial would have been different, but (3) the applicant cannot meet a higher burden of proof ("by clear and convincing evidence," or "beyond a reasonable doubt," I suppose) to show that, but for the false-but-not-perjured testimony, the result of his trial would have been different. Leaving aside our holding in *Ghahremani*, I have difficulty imagining any court's specifically carving out a rule in

[4] 313 S.W.3d 274 (Tex. Cr. App. 2010)

[5] 300 S.W.3d 768 (Tex. Cr. App. 2009).

order to let such a conviction stand.

Filed May 23, 2012.
Publish.